NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12308

CHRISTIAN MIRANDA vs. A JUSTICE OF THE SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT.

March 27, 2018.

Supreme Judicial Court, Superintendence of inferior courts. Practice, Civil, Action in nature of certiorari. Practice, Criminal, Postconviction relief, Discovery.

Christian Miranda appeals from a judgment of the county court denying his petition for relief in the nature of certiorari pursuant to G. L. c. 249, § 4. Miranda, who has been convicted in the Superior Court of certain drug-related offenses, filed a motion to intervene in a separate criminal case also pending in the Superior Court at that time, apparently seeking to participate in postconviction discovery that was proceeding in that case. After a hearing, the motion was denied. Miranda's petition sought relief from that denial. As there is no basis in the Rules of Criminal Procedure or other law for a defendant to intervene in another defendant's unrelated criminal case, Miranda cannot show that relief in the nature of certiorari is necessary "to correct [a] substantial error of law apparent on the record." State Bd. of Retirement v. Woodward, 446 Mass. 698, 703 (2006). See Republican Co. v. Appeals Court, 442 Mass. 218, 227 n.14 (2004) (intervention is "a concept foreign to criminal procedure"). Moreover, Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001), provides the mechanism for Miranda to seek postconviction discovery in his own case. The single justice neither erred nor abused his discretion by denying relief.

Judgment affirmed.

Greg T. Schubert for the plaintiff.

Thomas E. Bocian, Assistant Attorney General, for the defendant.